IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIM Y. TREVILLION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-861-GMS |
| | ) |
| KEITH SAMUEL MCLACHLAN, JR., | ) |
| DEPARTMENT OF VETERANS | ) |
| AFFAIRS, and CELITA RIVERA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff Kim Y. Trevillion ("Trevillion"), filed this lawsuit pursuant to 5 U.S.C. § 552a. (D.I. 3.) She appears *pro se* and has been granted permission to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

## I. BACKGROUND

Trevillion filed this lawsuit alleging criminal violations of the Privacy Act of 1974 against Keith Samuel McLachlan, Jr., ("McLachlan"), the Department of Veterans Affairs ("DVA"), and Celita Rivera ("Rivera"). McLachlan and Trevillion at one time had a personal relationship, that apparently soured. Trevillion alleges that on or about August 26, 2008, McLachlan filed a false Privacy Act complaint against her through the Miami VA Health Care System. McLachlan is a disabled Marine Corps veteran.

Trevillion was employed at the Wilmington VA Hospital and Rivera is employed as a privacy officer with the DVA at the Wilmington VA Hospital. On or about September 5, 2008, Rivera advised Trevillion of the Miami complaint and an investigation ensued. In the meantime,

McLachlan began harassing Trevillion. Rivera informed Trevillion on September 18, 2008, that the investigation revealed that McLachlan's complaint against Trevillion was "negative and concluded to be false" and that there was no evidence that Trevillion attempted to access McLachlan's electronic record. (D.I. 3, ex. 2.)

On October 29, 2008, Rivera alleged that Trevillion had impersonated her by contacting the Federal Records Center to set up a personal account to access the federal data base. Trevillion was subsequently terminated from her position at the Wilmington VA Hospital. She alleges that notarized statements from her co-workers will refute Rivera's allegations.

Paragraph four of the complaint states that the alleged criminal acts occurred on or about August 26, 2008, and continued until October 30, 2008. Trevillion asks that the defendants be punished pursuant to 5 U.S.C. § 522a(i)(1) and each fined $5,000. The section referred to contains the criminal penalties for violations of the Privacy Act. Trevillion also seeks compensatory and punitive damages as a result of the alleged criminal acts of the defendants, as well as a protective order.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau*

*v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (not reported); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S.89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Trevillion is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that

discovery will reveal evidence of the necessary element." *Id.* at 234. Because Trevillion proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

### III. DISCUSSION

Initially, the court notes that Trevillion sues two individuals, McLachlan and Rivera. The Privacy Act authorizes private civil actions for violations of its provisions only against an agency, not against any individual. *Bavido v. Apfel*, 215 F.3d 743, 747 (7th Cir. 2000); *Windsor v. The Tennessean*, 719 F.2d 155, 160 (6th Cir. 1983); *Fetzer v. Cambria County Human Servs.*, 384 F. Supp. 2d 813, 816 (W.D. Pa. 2005); *Chocallo v. Bureau of Hearings and Appeals*, 548 F. Supp. 1349 (E.D. Pa. 1982), *aff'd without op.*, 716 F.2d 889, *cert. denied*, 464 U.S. 983 (1983). Accordingly, the court will dismiss the Privacy Act claims raised against McLachlan and Rivera.

Additionally, Trevillion alleges criminal acts and seeks to impose criminal penalties against the defendants. While the Privacy Act provides for civil remedies, the provision of the statute relied upon by Trevillion is for penal actions and does not create a private right of action. Moreover, the decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). Accordingly, the court will dismiss the complaint. However, since it appears plausible that Trevillion might be able to articulate a claim against the DVA, she will be given an opportunity to amend her complaint.

### IV. UNSEALING THE CASE

At the inception of this case the court entered an order to seal the entire case based upon Trevillion's motion that she had been threatened by McLachlan and did not want her address to

become public information. The court is dismissing all claims against McLachlan. Further, Trevillion has another pending case in this court, Civ. No. 08-899-GMS, that has never been sealed and that contains her address and telephone number. Therefore, the court will direct the clerk of the court to unseal this case.

## V. CONCLUSION

For the above stated reasons the court finds that the complaint lacks an arguable basis either in law or in fact. The court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). All claims against McLachlan and Rivera will be dismissed with prejudice. Trevillion will be given leave to amend the complaint only as to the DVA. The amended complaint shall be filed within **thirty (30) days** from the date of this memorandum and accompanying order. If an amended complaint is not filed within the time allowed, then the case will be closed.

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

__Feb 27__, 2009
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIM Y. TREVILLION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-861-GMS |
| | ) |
| KEITH SAMUEL MCLACHLAN, JR., | ) |
| DEPARTMENT OF VETERANS | ) |
| AFFAIRS, and CELITA RIVERA, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 27th day of Feb., 2009 for the reasons set forth in the Memorandum issued this date,

IT IS ORDERED that:

1. The complaint is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B). The claims against the defendants Keith Samuel Mclachlan, Jr. and Celita Rivera are **dismissed with prejudice**.

2. The plaintiff is given leave to amend the complaint only to the defendant Department of Veterans Affairs. The amended complaint shall be filed within **thirty (30) days** from the date of this order. If an amended complaint is not filed within the time allowed, then the case will be closed.

3. The clerk of the court is directed to unseal the case.

CHIEF, UNITED STATES DISTRICT JUDGE